### ELIZABETH E. BLAIR
#### v.
### ESTATE OF GEORGE W. GUTHRIE.

*Administration—Claim—Agency.*

Upon a claim filed against the estate of the ex-guardian of claimant, the

Blair v. Guthrie.

same being alleged to call for an amount received by him as guardian and never paid over, a certain receipt having been given by her to him in his lifetime, in full of all demands, this court declines to interfere with a judgment in her favor for a sum named.

[Opinion filed February 26, 1892.]

Appeal from the Circuit Court of St. Clair County; the Hon. William H. Snyder, Judge, presiding.

Mr. Charles W. Thomas, for appellant.

Messrs. G. & G. A. Koerner, R. J. Goddard and M. McMurdo, for appellee.

Sample, J.   Elizabeth E. Blair, *nee* Johnston, filed a claim in the County Court against the estate of George W. Guthrie for the sum of $3,600, where, upon the trial before the judge of the court without a jury, her claim was allowed in the sum of $267, from which judgment an appeal was taken to the Circuit Court, and upon trial there before the court, the same judgment was rendered, and an appeal again taken to this court, where the only error assigned is that the judgment was for too small a sum.   As conceded, the question is wholly one of fact.

There are four items involved, which for convenience may be called the Anderson, Wright, rent, and collection of desperate claims items, on the part of the plaintiff; while on the part of the defendant there is a general denial of the validity of these items, and a set-off in the way of a claim of the payment of taxes on claimant's land, and the deeding to her and her sisters of land, the claimant's share of which was $800.   We have read the full record of this evidence, and while not able to determine with exactness the basis upon which the findings of the two courts below was made, yet as these courts had the witnesses before them, and the points at issue are entirely of facts, we are not disposed to disturb those findings. ·

The Anderson item, in regard to the balance due on a fore-

closure, is the only claimed indebtedness that arose after the giving of the following receipt on the part of this claimant:

"Received of Geo. W. Guthrie, my acting agent, the sum of $2,659.36, in full of all demands against the said Geo..W. Guthrie.

"ELIZABETH JOHNSTON.

"Dated August 20th, 1883."

If the court gave full credit to this receipt and allowed in full the balance due on the Anderson note, and also allowed the estate credit for the set-offs, then the claimant got judgment for all she was entitled to. We call attention to the fact that there is nothing in the bill of exceptions in this case, to indicate what the receipt to Guthrie for $2,659.36 was given for, except what is purported on its face. The import of it is that Guthrie had been the claimant's agent, and on the 20th day of August, 1883, she had received a certain sum of money in full of all demands against him. For the reasons stated the judgment is affirmed.

*Judgment affirmed.*